IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EYE ASSOCIATES OF NEW MEXICO, LTD.;
EYE SURGERY CENTERS OF NM, LLC; AND
PECOS VALLEY EYE SURGERY CENTER, LLC;

    Plaintiffs,

v.                                                        1:21-cv-00076-SCY-LF

THE CINCINNATI INSURANCE
COMPANY, an Ohio Insurance Company;
AND ERICA N. JOHNSON, a New Mexico Resident;

    Defendants.

## **ORDER**

THIS MATTER is before the court *sua sponte* for jurisdictional purposes. In the "Parties" section, Plaintiffs' complaint acknowledges that plaintiff Eye Associates of New Mexico, Ltd. is a New Mexico corporation doing business across New Mexico with its primary location in Albuquerque, New Mexico. Doc. 1-2 at 4. The complaint, however, does not describe Eye Surgery Centers of NM, LLC or Pecos Valley Eye Surgery Center, LLC, nor identify the members of the LLC plaintiffs. The information provided in plaintiffs' complaint is insufficient to confirm the diversity of citizenship necessary to establish jurisdiction under 28 U.S.C. § 1332(a).

"Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)) (other citations omitted); *see also Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016) (affirming the Tenth Circuit's holding that "the citizenship of any 'non-corporate artificial entity' is

determined by considering all of the entity's 'members'").  "[T]he relevant time period for determining the existence of complete diversity is the time of the filing of the complaint." *Siloam Springs Hotel*, 781 F.3d at 1239.

Accordingly, within 21 days of the date of this order, the plaintiffs shall file a response stating the citizenship, as of the time that the underlying district court action was commenced, of all of the members of plaintiffs Eye Surgery Centers of NM, LLC and Pecos Valley Eye Surgery Center, LLC.  The plaintiffs must identify the domicile, not just the residence, of each individual member of the unincorporated associations.  *See Siloam Springs*, 781 F.3d at 1238 ("An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship.").  An adult's domicile is the state where the person physically resides and intends to remain indefinitely.  *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.").

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge